# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TAMMY S. WILSON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1742**  (BOR Appeal No. 2045954)
(Claim No. 2006061322)

**NESTLE PURINA PETCARE COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammy S. Wilson, by Christopher J. Wallace, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Nestle Purina Petcare Company, by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 1, 2011, in which the Board reversed a May 6, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's September 2, 2010, decision which denied Ms. Wilson's request to add the diagnosis of major depression, recurrent, as a compensable condition of her claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of a particular component of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Wilson has suffered from chronic major depression for a number of years and has received various treatments because of the condition, including electroconvulsive therapy and inpatient services. Ms. Wilson has treated her depression with antipsychotic, stimulant, antidepressant, and anxiolytic medications for a number of years. The majority of the services and medications that Ms. Wilson received have been provided by Dr. Deol, who has treated Ms. Wilson for over ten years. Ms. Wilson received a right shoulder injury on October 23, 2006,

1

which was held compensable. On March 31, 2010, Dr. Deol requested the addition of major depression, recurrent, as a secondary condition of Ms. Wilson's shoulder injury. Dr. Deol stated that the work-related injury, especially dealing with the stress of the workers' compensation system, aggravated Ms. Wilson's pre-existing major depression. On September 2, 2010, the claims administrator denied Dr. Deol's request to add the condition as a compensable component of the claim. Following the denial, Dr. Burstein performed an independent psychiatric examination of Ms. Wilson. Dr. Burstein determined that Ms. Wilson functioned better psychologically than she did prior to her injury and found no indication of heightened depression since the injury. On May 6, 2011, the Office of Judges modified the claims administrator's decision and found that the aggravation of Ms. Wilson's pre-existing depression was a compensable condition of the claim. But on December 1, 2011, the Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's September 2, 2010, decision, leading Ms. Wilson to appeal.

The Office of Judges concluded that the compensable injury, at least on a temporary basis, aggravated Ms. Wilson's chronic major depression. The Office of Judges concluded that Ms. Wilson would be entitled to treatment and other benefits, which could be proven by sufficient medical evidence to relate to the aggravation instead of the pre-existing major depression. The Office of Judges also added major depression, recurrent, as a compensable component of Ms. Wilson's claim. Although the Office of Judges found that Ms. Wilson had a long standing problem with depression, it found sufficient evidence that the compensable injury aggravated this depression. The Office of Judges found that Ms. Wilson needed some additional psychiatric treatment as a result of her compensable injury.

The Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's decision. The Board of Review concluded that the diagnosis of major depression should not be added as a compensable component of the claim because Ms. Wilson did not demonstrate that her shoulder injury aggravated her pre-existing major depression. The Board of Review found that Dr. Burstein's report was reliable and that Ms. Wilson's current psychiatric symptoms were consistent with her condition prior to her compensable injury. The Board of Review also determined that Ms. Wilson had not received electroconvulsive therapy or inpatient treatment since her compensable injury.

The decision of the Board of Review was based on a material misstatement of the evidentiary record. Although Ms. Wilson had a longstanding problem with depression, there is sufficient evidence in the record that her compensable injury aggravated this condition. The report of Dr. Deol shows that Ms. Wilson's work injury and the stress of the workers' compensation system have at least temporarily aggravated her depression. Dr. Deol's opinion is supported by the record taken as a whole.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed, and the case is remanded with instructions to reinstate the May 6, 2011, Order of the Office of Judges.

Reversed and remanded.

**ISSUED:   January 16, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING**
Chief Justice Robin J. Davis
Justice Allen H. Loughry II